NELLIE H. KASTEN, Executrix, v.
LANCE L. KASTEN.
[No. 35, April Term, 1930.]

*Decided June 12th, 1930.*

330

332

 

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Randolph Barton, Jr.,* and *John M. Lyell,* with whom was *F. Fulton Bramble,* on the brief, for the appellant.

*J. Cookman Boyd,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

Lance L. Kasten, appellee, claiming to be a son, filed a caveat to the will of Charles F. Kasten, offered for probate in the Orphans' Court of Baltimore City. Nellie H. Kasten, executrix of said will, who was also the widow of the alleged testator and the devisee and legatee, filed an answer denying that the appellee was the son or one of the next of kin of the decedent. Upon this preliminary question issue was sent to the Superior Court of Baltimore City. The verdict of the jury being in favor of the caveator, appellant appealed from the rulings of the trial court.

There were five exceptions reserved by appellant, all of which were abandoned except the first and second, which were to the admission of testimony of Dr. George Shipley, head of the Boys' Latin School, as to the resemblance of appellee to the alleged testator; and the fifth, which was to the ruling on the prayers.

The first exception was to permitting the witness to answer the question, "What would you say, if anything, about the appearance of these two people?" to which the witness answered, "I would say that I never saw a boy more closely suggesting his father—seldom saw a boy more closely suggesting his father, than Lance Kasten." Other questions to this witness along the same line were permitted, which are the subject of the second exception.

The authorities in other jurisdictions are conflicting as to the admissibility of such testimony. See 1 *Jones on Evidence* (2nd Ed.), sec. 264, p. 434; 1 *Wigmore on Evidence* (2nd Ed.), sec. 166; 1 *Greenleaf on Evidence,* sec. 14s.; and cases cited in 52 *L. R. A.* 500 to 505, *L. R. A.,* 1918A, 719, 40 *A. L. R.* 100 to 110; 7 *C. J.* pp. 993, 994; 22 *C. J.* p. 624; 11 *R. C. L.* p. 609.

But it was held in *Jones v. Jones,* 45 Md. 144, that opinions of witnesses as to resemblance were not admissible. The rulings were therefore erroneous. But the errors were not prejudicial. Five other witnesses who had known appellee and the decedent for many years testified without objection to the resemblance. Another witness testified that appellant had told her how much like his father Lance was in a great many of his actions; and there was no contradiction. And appellant herself testified that people had spoken of the resemblance in her presence and that of the decedent. With such testimony in the record we have no reason to believe that the verdict would have been different without Dr. Shipley's testimony.

It was said in *Furness-Withy & Co. v. Fahey,* 127 Md. at page 337: "No reversible error can be predicated upon the admission of evidence over objection, when the same evidence comes into the case elsewhere unobjected to." See also *Brady v. Brady,* 140 Md., at page 412. Appellant concedes that "had this later testimony been the same testimony, or to the same facts, possibly the failure to except to it when again offered would constitute a waiver of the objection to its admission even over objection, when first offered." But it is argued that it was not the same testimony—that testimony that one person finds resemblances between two people is not the same as testimony of another person as to his opinion in the matter. But what we have to consider is: Is it probable that the jury would have found differently if the opinion admitted over objection had been excluded? And our conclusion is that even the possibility of such a result is too remote to justify a reversal in view of the number of witnesses who testified as to the resemblance both in appearance and man-

ner, which were the things about which Dr. Shipley testified, and with no greater force or emphasis, and with no better opportunity for observation. Besides a photograph (taken by appellant) of appellee and the decedent together was admitted without objection. "It is firmly and almost universally established that to justify a reversal it must be apparent that some injury was done the party complaining by the erroneous ruling." *Bregenzer v. Hutzler,* 121 Md., at p. 386. The reporter is requested to set out plaintiff's first prayer and all the prayers of the defendant.

We are unable to agree with the appellant's contention that there was error in refusing any of her rejected prayers. They are exactly the same in substance and effect as plaintiff's first prayer and defendant's sixth prayer, which were granted. These two prayers plainly instruct the jury and leave no room for misconception.

*Rulings affirmed.*