KARES *v.* STATE

[No. 132, September Term, 1957.]

*Decided January 22, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Gordon H. Levy,* for appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City,* and *James F. Price, Assistant State's Attorney,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

In a jury trial in the Criminal Court of Baltimore, the appellant was found guilty on the first and second counts of an indictment, and sentenced to two years in the House of Correction. The only question raised on this appeal is whether the court erred in denying a motion before trial to dismiss the first count, which charged the unlawful breaking and entering of a dwelling house with intent to commit a felony. The appellant contends here that the count was insufficient, in that it did not affirmatively aver that the crime was committed "in the day time". He argues that he could not know from the language employed whether he was charged with burglary, under Code (1951), Art. 27, sec. 36, or the statutory crime of breaking and entering in the day time, under Code (1951), Art. 27, sec. 38, a lesser crime, which carries a maximum penalty of ten years.

The State has moved to dismiss the appeal and the motion must be granted. The appellant concedes that according to "the weight of authority * * * an indictment for burglary in the day time is good without expressly alleging that it was in the day time". Cf. *Hickman v. Brady,* 188 Md. 103. But we do not reach the question, for under Rule 725 b 2 of the Maryland Rules, a motion based on defects in the indictment must include all such defenses and objections then available to the defendant. The motion in the instant case assigned as the only reason therefor that the alleged crime was a misdemeanor and that "more than one year had expired before the commencement of the indictment". The statutory crime created by section 38 is a misdemeanor. *Bowser v. State,* 136 Md. 342; *Williams v. State,* 205 Md. 470; *Coleman v. State,* 209 Md. 379. But it is punishable by confinement in the Penitentiary, and hence falls within the exception as to limitations set up by Code (1951), Art. 57, sec. 11. The appellant does not challenge the correctness of the trial court's

ruling on the point, and that was the only question raised by the motion. Although Rule 885 of the Maryland Rules permits us to decide questions not tried and decided below, under some circumstances, it does not authorize us to decide points not presented. There is no doubt that the Rule is applicable to criminal as well as civil cases. *Basoff v. State,* 208 Md. 643, 650, and cases cited.

*Appeal dismissed, with costs.*