RAHE, JR. ET AL. *v.* STATE

[No. 224, September Term, 1959.]

(Two Appeals In One Record)

*Decided June 9, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Morris Lee Kaplan,* with whom was *Nathan Stern* on the
brief, for appellants.

*Robert C. Murphy, Assistant Attorney General,* with whom
were *C. Ferdinand Sybert, Attorney General, Saul A. Harris,
State's Attorney for Baltimore City,* and *E. Thomas Maxwell,
Assistant State's Attorney for Baltimore City,* on the brief,
for appellee.

PER CURIAM.

Appellants George and William Rahe, who are brothers,
were convicted by the court, sitting without a jury, of break-
ing into a tavern with intent to commit a felony (larceny of

goods and chattels of the value of $100 or more) and sentenced to terms of eight years and six years, respectively. They argue on appeal that there was insufficient evidence of felonious intent and that the sentences given them amounted to cruel and unusual punishment.

There was evidence that George said to William he wished he could get his wife some money for winter clothes, that George told his wife he was going to get her some money in the tavern, that William agreed to break in with George, and that almost immediately thereafter they broke three doors to gain entry. When they were found in the place by the police, George had three bottles of whisky in his arms, a coin changing machine was on the floor, as were packs of cigarettes, scattered about, and William had a bottle of wine in his pocket. The customary location of the coin machine and the cigarettes was behind the bar.

Appellants say the value of the articles found on them was less than $100, as concededly it was, and that the measure of what they intended to steal must be what they did steal. The test urged is the most precise but it is not exclusive. The proof of the requisite felonious intent need not be direct but may be inferred from the circumstances. The trier of fact may find it from some fact or circumstance or act or declaration of the accused. *Felkner v. State,* 218 Md. 300, 307; *Holtman v. State,* 219 Md. 512, 517; *Shipley v. State,* 220 Md. 463, 467.

The statement of George, just before the breaking, that he intended to get money for his wife from the tavern, William's agreement to break in with him, and the coin machine out of place on the floor, permitted the trial judge to find, as he did in effect, that they intended to take all the money they could find in the tavern and so had the necessary felonious intent. *Holtman v. State, supra.*

There is neither merit nor substance to the claim of cruel and unusual punishment. Although both of the convicted men had long and bad records, the trial judge, partly because both had been drinking heavily at the time of the crime, gave them less than the maximum sentences. If a sentence is within statutory limits "* * * the trial court alone has the right to

determine the penalty within those limits." *Reid v. State,* 200 Md. 89, 92; *Merchant v. State,* 217 Md. 61. In *Kirby v. State,* 222 Md. 421, this Court said: "Each sentence was lawful, *State v. Superintendent,* 195 Md. 699, and 'cruel and unusual punishment' has been held not to forbid imprisonment for years or for life. *Roberts v. Warden,* 206 Md. 246; *Delnegro v. State,* 198 Md. 80, 88; *Apple v. State,* 190 Md. 661."

*Judgments affirmed.*