## HAWKINS *v.* STATE

[No. 3, September Term, 1962.]

*Decided October 10, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Ernest D. Young,* for appellant.

*Robert S. Bourbon, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney,* and *John P. Rogers, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

The appellant, Jesse Phillip Hawkins, was convicted of burglary upon a trial without a jury, and sentenced to ten years. On appeal he contends: 1, that the evidence was insufficient to sustain the conviction and 2, that there was insufficient breaking to meet the requirements of burglary, to wit: breaking and entering. We find no merit in either of these contentions.

The appellant was apprehended on December 22, 1961, at approximately 3:00 A. M., "between the mattress and a spring" of an old bed on the floor above Betz Tavern, at 1725 North Regester Street, in Baltimore City. Officer Ahrenberg testified that he observed two men loitering in the rear of the tavern, who were then seen to enter an alley in back of the building where he lost sight of them. He then went to the other end of

the alley to see if they came out, and when they did not he proceeded to Lanvale and Rutland Streets, where he saw a radio car, and was joined by Officers Antlitz and Carrere. The three officers then went back to the tavern, where they found the side door open. They entered and heard what sounded to be several men running up the stairs to the second floor. They found no one on the second floor except Hawkins between the spring and mattress, and were unable to apprehend the other man or men. Their investigation disclosed a skylight or trap door on the roof which had been forced open. There was a ladder up to the roof of the tavern from the kitchen of the next door premises, 1723. No signs of forced entry were found either on the first floor side door of the tavern, or on the door leading to the upstairs living quarters. The officer testified that the door leading from the first floor to the second could not be opened from the first floor without forcing it because it would be necessary to turn a lock coming down the stairs from the second floor. Whether the first floor side door was open hours after the tavern was closed and, if so, involved conflicting testimony. The appellant testified he found it open; the owner of the tavern testified, without objection, that his bartender, a woman, said she had closed and locked it.

Hawkins had on his person $53.04, including seven one dollar bills, two silver dollars, and the remainder in small change, corresponding in denominations to money left in the cash register and two small cigar boxes.

The appellant testified that following a gambling session he went into an open door to "duck" some fellows, and when the officers found him he was on the first floor of the bar. According to him the police took $42 from him, which was a part of his winnings from playing poker.

On cross examination he admitted a long criminal record, including convictions of larceny, burglary and robbery.

We have repeatedly held that in a non-jury case, such as this, involving only the sufficiency of the evidence, our review is confined to a determination of whether the evidence, including the proper inferences therefrom, is sufficient to support a conviction, and the findings of fact by the trial judge will not be disturbed unless clearly erroneous. *Knuckles v. State,* 228

Md. 318, 179 A. 2d 692; *Ponder v. State,* 227 Md. 570, 177 A. 2d 839; *Dyson v. State,* 226 Md. 18, 171 A. 2d 505, (to cite only three of many recent cases). The issue of credibility of the witnesses was for the trier of facts to determine, and the judge was not bound to believe the appellant's story to the effect that he had merely entered the open first floor side door of the tavern; that he was arrested on the first floor rather than the second; and had on him only money which he had won in gambling. Moreover, the compromising presence of the defendant on the premises when he was apprehended, and the opened trap door or skylight in the second story roof to which a ladder extended from the adjoining premises, were enough to justify a rational inference by the trial judge that the appellant had participated in a breaking and entering of the tavern through the trap door in burglarizing the premises. *Ponder v. State, supra.*

*Judgment affirmed.*