DORSEY ET AL. *v.* STATE

[No. 233, September Term, 1962.]

*Decided April 5, 1963.*

The cause was submitted to BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

Submitted on brief by *Michael Lee Kaplan* and *Morris Lee Kaplan* for the appellants.

Submitted on brief by *Thomas B. Finan, Attorney General, Jacques E. Leeds, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Alfred J. O'Ferrall, III, Assistant State's Attorney,* for the appellee.

PER CURIAM.

The defendants-appellants were tried in the Criminal Court of Baltimore before the court, sitting without a jury, on an indictment containing four counts, the first of which charged them with burglary. They were found guilty of that offense only and sentenced to imprisonment. They appeal, claiming that the evidence of breaking was insufficient to establish one necessary element of the crime of burglary, and that the evidence as a whole was insufficient to sustain the conviction of either of them.

There was evidence to the effect that a television set was stolen from the residence of one Pryor at about 5 A.M. on June 11, 1962, that entrance had been gained by opening the closed shutters at a window and by raising the partly open window, that one witness, Cosby, saw one defendant pass a television set out of a window of Pryor's home to the other, that Pryor, after being awakened by his wife who had seen one man inside the window, got to the window in time to see the two defendants with his television set outside and not more than five feet from him, that he pursued the defendants and was joined in the chase by Cosby, that the defendants put down the set and ran, that they were arrested in the neighborhood by police officers a few minutes later, that they were identified later at the police station by Pryor and Cosby and that they were identified by both of them at the trial. There was also testimony that at the station Mrs. Pryor identified Jackson as the man she had seen handing the television set out the window, but she apparently was not called as a witness at the trial. There was some confusion in Pryor's testimony on cross-examination with regard to his identification of the defendants just after their arrest and before they were taken to the police station, but he eventually testified flatly that he had then identified them. There was, in addition, evidence that one of the defendants, Jackson, admitted ownership of a cap which Pryor had picked up on the street. On the stand, each defendant denied guilt. There were some relatively unimportant conflicts in testimony between Pryor and other witnesses for the State.

The appellants contend that there was not sufficient evidence

of a breaking to constitute burglary, but we think that the evidence of opening the closed shutters was sufficient to show such a breaking. *Ridley v. State,* 228 Md. 281, 179 A. 2d 710. Hochheimer, *Criminal Law* (2d Ed.), § 277, p. 310, states: "Actual breaking means unloosing, removing or displacing any covering or fastening of the premises. It may consist of lifting a latch, drawing a bolt, raising an unfastened window, turning a key or knob, pushing open a door kept closed merely by its own weight." There is a conflict in the cases as to whether pushing open wider a partly open window constitutes a breaking. The more modern cases hold that it does. See 9 Am. Jur., *Burglary,* § 9. Here we need not decide the point because of the evidence that the shutters had been closed.

Any inconsistencies in the testimony affecting credibility were, of course, primarily for the determination of the trier of facts, and we find no basis upon which to disturb it. We think that the evidence as a whole was ample to warrant the trial judge in finding the defendants guilty, and accordingly we sustain the convictions of both defendants. *Hawkins v. State,* 229 Md. 442, 184 A. 2d 626.

*Judgments affirmed.*