WALLACE *v.* STATE

[No. 250, September Term, 1962.]

518

Decided June 5, 1963.

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*Stanley J. Schapiro* for the appellant.

*John J. Schuchman, Special Attorney,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Charles E. Moylan, Jr., Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant, Wallace, was tried before a judge of the Criminal Court of Baltimore, sitting without a jury, under an indictment containing five counts, and was convicted on three of them, two of burglary and one of larceny. The first count charged breaking and entering a dwelling house with intent to commit a felony, to wit, to steal goods and chattels therein; the second was similar, except that it charged an intent to commit a misdemeanor, to wit, to steal goods and chattels therein of a value under $100.00; and the fourth count charged larceny of a television set worth $75.00. (In view of the provisions of Sec. 32 of Art. 27 of the Code (1962 Cum. Supp.) making the penalty the same for daytime burglary of a dwelling house regardless of the value of the goods intended to be stolen, the

use of both of the first two counts and the differentiation be-tween them as to intent to commit a felony and intent to commit a misdemeanor, seems to inject a useless complication. The difference is significant only if the premises broken and entered are a storehouse or something of the sort.)

A television set worth $75.00 was stolen from the dwelling in question, and there was evidence from which it was clearly inferable that the front door of the dwelling had been forced between the time of the departure of the defendant and a companion, after a visit to the premises which is admitted, and the time soon after when the television set was stolen. There was also evidence, including admissions by the appellant, to the effect that he had been with the companion above referred to, one Brown, when the television set was stolen, that he had helped Brown to remove it and take it to a pawnshop, that it was pawned in the appellant's name on identification papers furnished Brown by the appellant, and that Brown got half of the proceeds of the pawnshop loan.

The appellant's challenge to the sufficiency of the evidence to show a breaking and entering is untenable. It assumes that the only entry was the first one and argues from the fact that there was no breaking then, there was no breaking at all. This overlooks the evidence of a second entry and of an intervening breaking.

The appellant also challenges the sufficiency of the evidence to establish an intent to commit a felony, basing this on the value of the article stolen. We think, however, that it was permissible for the trier of fact to infer an intent to steal goods worth more than the actual value of the television set that was stolen. *Holtman v. State,* 219 Md. 512, 150 A. 2d 223; *Shipley v. State,* 220 Md. 463, 154 A. 2d 708. In *Felkner v. State,* 218 Md. 300, 146 A. 2d 424, the evidence was clear as to just what was intended to be stolen, which was just what was stolen, and the evidence of the value thereof was equally clear. The goods stolen are doubtless the strongest evidence of what was intended to be stolen, but they are not conclusive as to either the identity or the value of the goods intended to be stolen, as the *Holtman* and *Shipley* cases show.

The evidence of the participation of the appellant with Brown

as at least an aider and abettor in the theft was ample to sustain the finding of guilty on the fourth count.

*Judgment affirmed.*