McLAUGHLIN, Jr. *v.* STATE

[No. 267, September Term, 1963.]

*Decided May 5, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*G. Joseph Sills, Jr.,* for appellant.

*John W. Sause, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *Richard O. Motsay, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, McLaughlin, was tried in the Criminal Court of Baltimore before a judge, sitting without a jury, under an indictment described below, was found guilty generally under both counts of the indictment and was sentenced to three years' imprisonment in the Penitentiary. The first count charged that the appellant and another man "unlawfully with the malicious intent then and there to break the storehouse" of a named individual at a specified location and unlawfully to steal [,] take and carry away the goods and chattels therein found, did put their hands upon a * * * window of said storehouse, and with a certain instrument or implement * * * did kick in the window * * * in an attempt to enter * * *." The second count was based upon the "rogue and vagabond" statute, sec. 490 of Art. 27 of the Code (1957), the maximum penalty for which is two years' imprisonment.

There was evidence to show that the appellant and his companion were captured by the police on the roof of the North Avenue Market in Baltimore City (which they had reached by climbing a rainspout for twenty-five feet) at about two o'clock in the morning of July 8, 1963, during an unsuccessful attempt to get into a bowling alley located on the second floor of the Market, that the police were called to the scene by a citizen living in the neighborhood who heard the sound of breaking glass, that the police found that from one to four windows had been broken, that they were not broken the night before, and that the appellant, in a written statement given to the police, admitted having broken at least one window. There was no proof of the contents of the bowling alley or of the value thereof. The appellant said in his statement that he and his companion wanted another drink, that they did not have enough money, and that they thought they could get into the bowling alley and get enough money to get another drink.

The first count of the indictment in the present case is no model of clarity as to the type of "statutory burglary" (referred to below simply as "burglary") which it charges the defendants with having attempted to commit; but it does charge an attempt to commit burglary. Cf. *Putnam v. State.* 234 Md.

537, 200 A. 2d 59, where it was contended that the information failed to charge any offense, but it was held to do so. Here, as in that case, there are the same three sections of Art. 27 of the Code (1957 Ed. and 1963 Cum. Supp.) upon which a charge of attempted "statutory burglary" might have been founded. (These sections will be referred to below simply by number, without further reference to the Code, Article or edition.)

The possibly applicable provisions of sec. 32 relate to breaking a storehouse or other outhouse in the day or night with an intent to commit a murder or felony therein, or with the intent to steal the personal goods of another of the value of $100.00 or more. (The larceny of goods of such value itself constitutes a felony under sec. 340 of Art. 27 of the Code of 1957, and an intent to steal goods of such value therefore constitutes an intent to commit a felony. *State v. Wiley,* 173 Md. 119, 194 A. 629.) Though a violation of sec. 32 involves a felonious intent, it is not itself made a felony and hence constitutes a misdemeanor; but since the penalty specifically provided by the statute may be imprisonment for as much as ten years in the penitentiary, it is of the curious type known as a "penitentiary misdemeanor."

The sufficiency of the indictment to charge an attempt to commit a burglary of a type specified in sec. 32 is not attacked, and it seems to have been understood both at the trial (at which the defendant was represented by other counsel than his present counsel) and on appeal as being covered by that count. The appellant's primary contention on appeal is stated as being "that there was no evidence legally sufficient to permit the Trial Court to find him guilty pursuant to Article 27, Section 32 * * *." It is true that no specific allegation of felonious intent or of intent to steal goods worth $100.00 or more is made in the first count, but it does allege an attempt to break and "unlawfully to steal" goods and chattels. Under Maryland Rule 712 b the word "unlawfully" covers both a felony and a misdemeanor and it is not necessary to use the word "feloniously" in charging an offense. As we observed in *Putnam,* there could be no attempt to break and steal without having an intent to steal. Technically, of course, an intent to steal might be formed

after a breaking, but the evidence in this case, particularly the appellant's own statement, makes it clear that it existed at the time when the breaking was attempted. Since the first count of the indictment could be and evidently was construed by both the appellant and the State as covering an attempt to violate sec. 32, and since we think it could be so construed, we see no occasion to reverse the judgment for a deficiency in the manner in which the first count is expressed. See *Putnam v. State, supra,* and *Laque v. State,* 207 Md. 242, 113 A. 2d 893, cert. den. 350 U. S. 863, and *Johnson v. State,* 223 Md. 479, 164 A. 2d 917.

Sec. 33, relied upon heavily in the State's brief, makes it an offense (also a "penitentiary misdemeanor" punishable by as much as ten years' imprisonment in the penitentiary) to break a shop, storeroom, or warehouse (though not contiguous to or used with any mansion house) and to steal therefrom money, goods or chattels to the value of $5.00 or more.

Sec. 342 makes it an offense (a) to break into a shop, storeroom or other building (though not contiguous to or used with any mansion house) with intent to steal money, goods or chattels under the value of $100.00, and (b) to break into such a building and steal money, goods or chattels under the value of $5.00. Violation of this section is also a penitentiary misdemeanor, but the maximum term of imprisonment therefor is eighteen months. The appellant concedes that the evidence would sustain his conviction for an attempt to violate this section (breaking with intent to steal less than $100.00), but insists that in no event should his sentence exceed the limit fixed by this section.

At the argument the State placed its main reliance upon the appellant's attempted violation of sec. 32, but it also contended that the sentence for an attempt was not limited to that fixed for the consummated offense, which, if sec. 342 governed, would be eighteen months. We find it unnecessary to pass upon the conflicting contentions of the parties on that question. We also find it unnecessary to go into the appellant's conviction on the second count, which he concedes, but attempts to put to one side as not being the charge on which he was sentenced. The State disclaims any contention that the sentence should be

deemed cumulative as imposed under each of the counts, since the elements of the offense under the first count were the same as those under the second. *Young v. State,* 220 Md. 95, 100, 151 A. 2d 140. It takes the position that if error were found in the sentence the case should be remanded for sentence on one count or the other.

We do not agree with the appellant's primary contention that the evidence was insufficient to support his conviction for an attempt to break into the bowling alley with intent to steal the personal goods of another of the value of $100.00 or more. The trial judge was under no obligation to believe the appellant's fantastic claim that his purpose in climbing twenty-five feet up a rainspout (something of an achievement in itself) at 2:00 A.M. to reach the roof of the building and to break into a bowling alley was merely to steal the price of a drink. We think that the evidence was sufficient to warrant the trial judge in drawing the inference that the appellant intended to steal all that he could from the bowling alley and that it was both his hope and intention to steal money or other personal goods of the value of not less than $100.00. *Holtman v. State,* 219 Md. 512, 517, 150 A. 2d 223; *Rahe, Jr. v. State,* 222 Md. 508, 161 A. 2d 696; *McNeil v. State,* 227 Md. 298, 176 A. 2d 338; *Ridley v. State,* 228 Md. 281, 282, 179 A. 2d 710; *Wallace v. State,* 231 Md. 517, 191 A. 2d 221.

We find it unnecessary to determine whether the appellant might have been convicted of an attempt to violate sec. 33. Since the sentence of three years for the attempted burglary in violation of sec. 32 is much less than the ten years authorized for a completed offense under that section, we do not reach the question of whether the penalty for an attempt may exceed that for the consummated offense.

*Judgment affirmed.*