## PUTNAM *v.* STATE

[No. 212, September Term, 1963.]

538

*Decided May 5, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Roger C. Duncan* for the appellant.

*John W. Sause, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Frank H. Newell, III, State's Attorney for Baltimore County,* and *Gerard V. Caldwell, Assistant State's Attorney,* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant was tried before a judge, sitting without a jury, in the Circuit Court for Baltimore County under an information charging him with attempted "housebreaking" of an

"outhouse," was found guilty, and was sentenced to five years' imprisonment. He appeals.

The appellant raises three contentions (though not in this order) : (a) that the information fails to state a criminal offense; (b) that even if it did, the evidence is insufficient to sustain the conviction; and (c) that even if the first two contentions were to be rejected, the sentence exceeds the permissible limit.

The information charges that the appellant "unlawfully did attempt to commit an offense prohibited by law, to wit: did attempt to commit housebreaking of the outhouse, to wit: the store of Joseph Kleiman, that being an offense prohibited by law, and in such attempt did * * * certain overt acts toward the commission of said offense, to wit: did attempt to enter said outhouse by * * * attempting to pry open a door" thereof, but "did fail in the perpetration of said offense and was intercepted and prevented in the execution of the same." There was evidence to the effect that the appellant and a companion tried to break into a drugstore at about two o'clock one morning, but were interrupted in this effort by the police, that they both fled, and that the appellant was caught after a chase.

In the trial court the appellant (then represented by counsel other than his counsel on appeal) made no objection at all to the sufficiency or to the form of the information. The preliminary question at once arises whether, in these circumstances, it may be raised on appeal. We shall assume, without deciding, that it is open here.[1]

---

1. The appellant's claim that it is reviewable rests upon the provision of Maryland Rule 725 b that a question of lack of jurisdiction or of failure of the indictment (which under Rule 702 includes a criminal information) to charge an offense "shall be noticed by the court at any time during the proceeding." He overlooks the fact that under Rule 5 i the "Court" is so defined as ordinarily not to include the Court of Appeals. Certainly this Court is not expressly included as a court to which Rule 725 b is applicable, and the appellant offers no argument to show that it is included as a result of necessary implication. Neither does the appellant discuss whether the failure to charge any offense falls within the provision of Rule 885 that a question as to the jurisdiction of the trial court may be raised and decided in this court, though not

The next question then is whether or not the information sufficiently states an offense to sustain the conviction. The rule which seems to be generally recognized draws a line of demarcation between an indictment or information which completely fails to state an offense and one which alleges all the elements of the offense intended to be charged and apprises the accused of the nature and cause of the accusation against him, even though it is defective in its allegations or is so inartificially drawn that it would have been open to attack in the trial court. 27 Am. Jur., *Indictments and Informations,* § 189, p. 735. In § 191 of the same work, p. 736, it is stated that "a verdict will not cure a failure to allege a criminal offense or the omission of any essential allegation; any such objection is fatal after as well as before verdict." See also: *Wharton on Criminal Law and Procedure* (Anderson Ed.), §§ 1881, 1883, 1885; 42 C.J.S., *Indictment and Information,* § 319, pp. 1348-51; *People v. Green,* 368 Ill. 242, 13 N. E. 2d 278, 115 A.L.R. 348; *State v. Watson,* 356 Mo. 590, 202 S. W. 2d 784; *State v. Zaras,* 81 Ohio App. 152, 78 N. E. 2d 74 (where the defendant had pleaded guilty); *State v. Ryea,* 97 Vt. 219, 122 A. 422; *State v. Gosselin,* 110 Vt. 361, 6 A. 2d 14; *Whitted v. State,* 188 Ark. 11, 63 S. W. 2d 283; *Houston v. State,* 203 Ind. 409, 180 N. E. 582; *State v. McDonald,* 178 La. 612, 152 So. 308; *State v. Hall,* 54 Wash. 142, 102 P. 888; *State v. O'Brien,* 93 Conn. 643, 107 A. 520; *State v. Miller,* 24 Conn. Sup. 247, 190 A. 2d 55. See, on the other hand, *Laque v. State,* 207 Md. 242, 113 A. 2d 893, cert. den. 350 U. S. 863; and *Kares v. State,* 215 Md. 396, 137 A. 2d 712, in which the warrant or indictment was or may have been defective, but did not fail to state any offense. In *Johnson v. State,* 223 Md. 479, 164 A. 2d 917, referred to by the appellee, the indictment was held sufficient. In *Kellum v. State,* also referred to by the appellee, 223 Md. 80, 162 A. 2d 473, no question was raised as to the sufficiency of the indictment, but this Court noted that

raised and decided below. This would seem a sounder basis for review since it is at least open to question whether a court exercising criminal jurisdiction has power to make a finding of guilt or to impose sentence under an indictment which charges no offense, but we do not decide the matter.

no point was made of the case having been treated as one for simple assault, without any regard to the fact that the actual indictment charged assault with a specific intent, and observed that any attack on the indictment appeared to have been waived. (Footnote 1, 223 Md. at pp. 82-83.)

The appellant contends that "housebreaking," as such, is a crime not recognized at common law and that the information, in order to comply with the provision of Art. 21 of the Maryland Declaration of Rights that "in all criminal prosecutions, every man hath a right to be informed of the accusation against him," must state some statutory offense in the terms required by the laws of this State. We need not pass upon the correctness of the appellant's assertion (for which he cites no authority) that housebreaking as such is not an offense recognized at common law, nor shall we discuss it at any length. The term "housebreaking" does have a legal significance, which, without any further specification, relates to a dwelling. Radin's Law Dictionary defines it as "[t]he crime of forcible entry into a dwelling place with the intention to commit a felony. If done at night it constitutes the offense of burglary." Black's Law Dictionary (4th Ed.) contains an almost identical definition, and similar definitions may be found in such general dictionaries as the New Century and Webster's New International. See also 3 Stephen's *History of the Criminal Law of England* (1883), p. 150, where in commenting on the English Larceny Act of 1861, the author states that burglary was a common law crime and goes on to say: "The cognate offense of housebreaking has been made the subject of a surprising number of minute distinctions, the nature and history of which are not worth the trouble of relating or stating."

Housebreaking is an offense long known under the law of Maryland. Without defining the terms, sec. 2 of ch. 26 of the Acts of 1715 excepted cases of robbery, burglary and housebreaking from the jurisdiction of justices of the county courts. Sec. 3 of ch. 4 of the Acts of 1729 recited that doubts had arisen as to whether felons who had "broke and entered several shops, storehouses or warehouses, not contiguous to or used with any mansion house, and stolen from thence several goods and merchandises," were excluded from the benefit of clergy,

and then enacted that persons convicted of breaking into any such shop, storehouse or warehouse and stealing from thence goods to the value of five shillings should suffer death as felons, without benefit of clergy. This statute was followed by another of generally similar terms enacted as secs. 2 and 3 of ch. 2 of the Acts of 1737. This latter statute was to continue in force for three years, but was extended from time to time on numerous occasions, and was enacted as a permanent law by ch. 71 of the Acts of 1798. See Kilty's Laws of Maryland (1799), the index to which refers under "housebreaking" to the Acts of 1729 and 1737 above mentioned. There were also sec. 10 of ch. 57 of the Acts of 1793 and secs. 5 and 6 of ch. 138 of the Acts of 1809, which will be referred to further a little later on.

There are three statutes under which an offense involving breaking an "outhouse" or store may be charged. One is sec. 32 of Art. 27 of the Code (1963 Cum. Supp. to the 1957 Ed.), the second is sec. 33 of that Article (also 1963 Cum. Supp. to the 1957 Code), and the third is sec. 342 of the same Article (1957 Code). Sec. 32, in addition to proscribing "daytime burglary" of a dwelling, makes it an offense to break a storehouse or other outhouse in the day or night with intent to commit murder or felony or to steal goods worth $100 or more. Sec. 33 makes it an offense to break into a shop or storeroom and to steal goods worth $5.00 or more. Sec. 342 makes it an offense to break into a shop, warehouse, etc. (though not contiguous to or used with any mansion house) with intent to steal goods worth less than $100, or to break into any shop, warehouse, etc. and steal money or goods of a value of less than $5.00.

It will be noted that each of these statutes requires not only a breaking, but also either an intent to steal or an actual stealing in order to constitute a violation of the statute. "Housebreaking," as we have seen, is a term long in use in Maryland. In the indices to the Codes of 1860, 1879, 1888, 1951 and 1957, the references under that heading are generally, directly or through a cross-reference, to what are now secs. 29, 32, 33 and 342 of Art. 27 or their predecessors, though in the 1957 index, under the heading of "Burglary, Breaking and Entering," to

which one is referred under "Housebreaking," some other provisions (not here relevant) are also listed. In the Codes of 1860 and 1879 the references are only to the predecessors of secs. 32 and 33. The origin of these sections and of sec. 342 is ascribed to secs. 5 and 6 of ch. 138 of the Acts of 1809, which was an Act of wide scope concerning crimes and punishments. Intent to commit murder or felony or to steal or actual stealing has always been an ingredient of an offense under them. Sec. 32 also had a precursor to some extent in sec. 10 of ch. 57 of the Acts of 1793. Under that statute, too, an intent to commit murder or felony was required in addition to breaking into a dwelling by day or a storehouse by day or at night in order to constitute an offense, the penalty for which might be up to seven years imprisonment.

The information in this case is not in a form to be commended. We think that it should have been more specific as to the intent to steal and as to the value of the money, goods or chattels of another intended to be stolen. However, we think that the term "housebreaking," as applied to an "outhouse," has a meaning under our statutes, which includes both the breaking into of such a building and an intent to steal money, goods or chattels therefrom. In our view, therefore, this information charging attempted housebreaking of an outhouse does charge an offense, even though it does so in an inexact or defective manner, since it imports the presence of both elements which would be present in the completed offense—breaking and intent to steal. In this connection, it seems to make little difference whether, in considering an attempted statutory burglary, we are looking at provisions (as in sec. 32 and the first part of sec. 342) directed against breaking with intent to steal or at provisions (as in sec. 33 and the last part of sec. 342) directed against breaking and stealing, since we think that an attempt to break and steal would necessarily imply an intent to steal.

Our holding that the information in this case does charge an offense is supported by *Adams v. Coe*, 123 Ala. 664, 26 So. 652, a false arrest case based on the alleged insufficiency of the warrant to state an offense. The court there said: "The warrant involves the offense of housebreaking, which in common

parlance, implies burglary, and is so defined. * * * It was not made invalid on its face by the absence of recitation that the breaking of a storehouse was actuated or accompanied by an intent to commit a felony. This, for the purposes in hand, is implied or inferable from the statement of the *offense* of breaking into the store."

4 *Wharton's Criminal Law and Procedure* (Anderson Ed.) § 1793, p. 616 under the heading "Attempts, solicitation," states in part: "The offense the defendant is charged with having attempted to commit must be clearly stated and identified, but it has been held that it need not set out as fully and specifically as would be required in an indictment for the actual commission of the offense." Cf. *State v. Doran,* 99 Me. 329, 59 A. 440, cited by Wharton, which held that in an indictment for attempted breaking the particular crime intended to be committed had to be described by more than the generic term felony, but indicated that identification of the crime by its name, such as larceny or robbery, would be sufficient, without describing the constituent parts of such offense.

Cf. the American Law Institute *Model Code of Criminal Procedure* (1931), Sec. 154, which would make one of the sufficient ways of charging an offense to be "(a) By using the name given to the offense by the common law or by statute." The proposed forms of indictment for "Attempt" given in Sec. 188 of the same work are in accord with that provision. One of them is: "A.B. attempted to commit burglary of a dwelling of C.D." (Its similarity to the form of indictment for the actual offense of burglary under sec. 31 of Art. 27 of our Code (1957) is apparent. That section does not, however, appear to be applicable here.)

We think that sec. 32 is clearly one of the sections concerned with "housebreaking" of an "outhouse" and that the language of the information here is broad enough to embrace an allegation of an attempt to violate that section. We also think that the information was so treated and understood when the case was on trial, and we find nothing to indicate that the appellant was misled as to the charge against him or that he was actually prejudiced by the form of the information. See *Johnson v. State, supra.* If he had wished to challenge the sufficiency of

the information he could have done so by an appropriate motion under Rule 725 b, or if he had wished further details of the charge he could have demanded a bill of particulars under Rule 715. Cf. *Cropper v. State*, 233 Md. 384, 197 A. 2d 112. He did neither.

We also think that the evidence here was sufficient to warrant the trial court in finding both an attempted breaking and an intent to steal money or other personal property of a value of $100.00 or more. In addition to what we have already said with regard to the circumstances of the arrest, there was testimony by the officer who arrested the appellant that when he drove up in a police car, the appellant and his companion appeared to be prying or pushing against a front door of the drugstore, that he found (apparently after the arrest) that one door had been forced open a few inches, that when he first saw them the appellant and his companion had implements in their hands and specifically that the appellant had one of them, that these implements were a crowbar and a smaller bar, that both were found in the immediate vicinity after the flight of the appellant and his companion, and that one of them was found within a few feet of the place where the appellant was caught. See *Wright v. State*, 222 Md. 242, 159 A. 2d 636. The amount or value of what is intended to be stolen is often a matter of inference, and the evidence here would, we think, readily support the inference that the value was intended to be $100.00 or more. *Holtman v. State*, 219 Md. 512, 517, 150 A. 2d 223; *Rahe, Jr. v. State*, 222 Md. 508, 161 A. 2d 696; *McNeil v. State*, 227 Md. 298, 176 A. 2d 338; *Ridley v. State*, 228 Md. 281, 282, 179 A. 2d 710; *Wallace v. State*, 231 Md. 517, 191 A. 2d 221.

The appellant's last contention is that if this information charges any offense at all, it is no more than an attempt to violate sec. 342. From this he argues that the sentence for an attempt cannot exceed that for the consummated offense, which would be eighteen months. The premise upon which this argument rests is that the information could be construed as charging only an attempt to violate sec. 342, and therefore it must be so construed. The only authority which he cites to support this premise is *Jordan v. State*, 219 Md. 36, 148 A.

2d 292. *Jordan* does not so hold. The question there was not with regard to the interpretation of one count of an information, but whether the evidence sustained one count for larceny or another for receiving stolen goods. This Court held that "the [trial] court was correct in giving the defendant the benefit of the conclusion that would mitigate his guilt, namely, that he was the receiver of the stolen property and not the thief. This is no more than an application of the broad principle of the criminal law that when there is a reasonable doubt as to which of two or more crimes the accused has committed or where there is a reasonable doubt in which of several degrees a defendant is guilty, he can be convicted only of the least serious crime of the lowest degree." (219 Md. 47-48.) *Jordan* thus turned on a question with regard to the evidence, not the form in which an offense was charged.

The complaint here is more like a claim that the count is duplicitous in that it charges an attempt to violate two different statutes. Whether or not such a criticism would have had any force or validity if made in the trial court, we think it comes too late when first raised here. Rule 725 b and 885.

As a result of these views, we need not decide the question of whether or not the penalty for an attempt may exceed that for the actual offense.

*Judgment affirmed.*