## SNYDER *v.* STATE

[No. 421, September Term, 1963.]

*Decided July 8, 1964.*

548

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

Argued by *Bernard F. Goldberg* for the appellant.

Argued by *Robert L. Karwacki, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Loring E. Hawes, Assistant Attorney General, William J. O'Donnell* and *Stanley Cohen, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Snyder, the appellant, was convicted of breaking and entering a chain store with the intent to steal goods of a value of over $100 by Judge Foster, sitting without a jury. He challenges the sufficiency of the evidence as to his identity, as to a breaking, and as to intent, and contends it was error to have permitted a witness to "compare" a jacket the appellant was wearing when he was arrested a few minutes after he fled the store with that worn by a man going through an alley away from the store shortly before the arrest, for the reason, says appellant, in Maryland "[e]vidence of identity is admissible; evidence of resemblance is not admissible. *Kasten v. Kasten,* 159 Md. 329; Ginsberg, *The Law of Evidence in Maryland,* page 138."

There is no substance to any of the appellant's contentions. The testimony showed that entry to the store had been gained by opening a grill guarding a large exhaust fan and bending the blades and that at closing time the fan and grill had been in normal condition. A driver delivering bread to the store shortly after midnight heard suspicious noises, looked through a door and saw a light-skinned man peeping out of the manager's office. The man was wearing a light brown jacket and, when he realized he had been seen, ran out of the rear of the store and up an alley. The driver chased the man but stopped when the fugitive threatened to shoot him.

At this point, a Mrs. Kritchfield, alerted by the barking of

her dog, looked out the window of a darkened room and observed a man running up the alley behind her house, which was quite near the store. She saw that the man was wearing a light brown jacket, which fitted tightly in the back. Soon afterwards the police arrested Snyder in front of the Kritchfield home and about two blocks from the store. Mrs. Kritchfield went out and told the police the man they had was wearing a jacket like that she saw on the man running up the alley. A Volkswagon truck, which Snyder's employer permitted him to use regularly, was found after the crime next to the parking lot of the store with the key in the ignition. A report by the F. B. I. said that soil and paint specimens from the point of entry "are similar in color, texture and type" to those scraped from appellant's clothing (including a "tan suede jacket") and "could have come from the same source."

Snyder's explanation of his presence near the store in the early morning hours was that he was going to visit his grandmother who lived nearby.

The testimony, circumstantial though it was (see *Shorey v. State,* 227 Md. 385, and *Smallwood v. State,* 216 Md. 16), clearly was sufficient to permit the trier of fact to have been convinced beyond a reasonable doubt that Snyder broke open the fan grill and twisted the fan blades to gain entry and that he entered the store through the fan opening.

The testimony was that the burglar had entered the cashier's cage in the store and was surprised while engaged in attempting to smash open the safe (which, as it happened, contained five hundred dollars in cash, ready for the next day's business). Where an intruder illegally and surreptitiously enters a building or a room or attempts to break open a container in which there is likely to be cash or goods of a value over one hundred dollars, the trier of fact may reasonably infer that the intruder intended to take all the money or other things of value therein that he could carry away. *Holtman v. State,* 219 Md. 512; *McLaughlin v. State,* 234 Md. 555, 200 A. 2d 46; *Putnam v. State,* 234 Md. 537, 200 A. 2d 59. The evidence here was ample to furnish the basis for the inference for, in addition to containing the safe of a busy chain store, the building broken into was well stocked with foodstuffs.

We can see no error in the admission and consideration by the trial judge of Mrs. Kritchfield's testimony. She was in good position to see what she testified to, having first looked from a dark room out into the lighted alley and next seeing Snyder at close hand on the street. She never wavered in her persistent certainty in her own mind that the light brown jacket on the man she saw in the alley and the jacket Snyder was wearing were the same (although she thought it had elastic in the back to keep it tight, when actually it had buckles). Snyder's lawyer objected several times to Judge Foster's asking Mrs. Kritchfield to "compare" the jacket she first saw with that worn by Snyder when he was arrested, which was offered in evidence, but assuming it was error to have allowed the answers that they looked the same, the error was waived, for the witness said the same thing several times without objection. Indeed, at one point when the court, without any objection, asked Mrs. Kritchfield to describe the jackets "the first one you saw and the second one you saw," the witness replied: "They were the same identical thing—same brown jacket."

*Judgment affirmed.*