## SHANEY *v.* STATE

[No. 85, September Term, 1964.]

*Decided November 16, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Samuel B. Bechkes* for the appellant.

The Court declined to hear argument for the appellee. *Thomas B. Finan, Attorney General, Loring E. Hawes, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Bernard L. Silbert, Assistant State's Attorney,* on the brief for the appellee.

PER CURIAM.

Convicted of attempting to break into a storehouse and of being a rogue and vagabond, the appellant challenges the sufficiency of the evidence. We find it sufficient. He was apprehended in an areaway behind a drugstore, the outer door hav-

ing been forced open, and a screen door into the premises having been broken. Officers arrived on the scene in response to a call stating that someone was attempting to break into the store. The appellant argues that because no goods were taken, and no tools found, he cannot be guilty of either crime. We think the trial court could properly draw an inference of his intent to enter and steal from the circumstances. Cf. *Putnam v. State,* 234 Md. 537, 547. The fact that he was "in or upon" the premises, or in an "enclosed" yard or area was enough to support the rogue and vagabond charge, even though no burglar tools were found upon him. *Bergen v. State,* 234 Md. 394, 399. The appellant also admitted that he "would have gotten in[to]" the store, through the last door, even without tools.

*Judgments affirmed.*