## WILLIAMS *v.* STATE

[No. 62, September Term, 1964.]

*Decided December 4, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Russell J. White* for the appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *George J. Helinski, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for the appellee.

PER CURIAM.

In this appeal from a conviction of storehouse breaking under Code (1957), Art. 27, sec. 32, the appellant contends that he was illegally arrested, that his oral admission was improperly admitted, and that the evidence to convict was insufficient.

On the night of December 17, 1963, police officers in a prowl car observed the appellant in an alley behind Schreiber's Food Market. He was wearing a jacket and holding another jacket. Officer Redding testified that while they were questioning the appellant "our Monitor Sergeant came up * * * and he told us about * * * the two subjects that was in the alley in front of Schreiber's Brothers and that they was trying to break in there." Upon objection, the trial court struck this out, presumably because it was hearsay. We think it was admissible, however, as bearing upon probable cause. It turned out that the jacket belonged to Hunt, one of the other boys. Under the circumstances we think the arrest was legal.

It was shown that Schreiber's had been entered by means of a broken skylight and the liquor and cigarette departments had been ransacked, although it was not shown that anything was taken. Several hours after Williams' arrest, he admitted that he had been "in on" the break, and was holding the other boy's coat when the police appeared. The oral admission was admittedly voluntary, so that the arrest, even if illegal, would not vitiate it. *Mefford v. State,* 235 Md. 497, 511. The evidence readily supports an inference that goods in excess of $100 were intended to be taken. *Putnam v. State,* 234 Md. 537.

At the oral argument counsel for the appellant contended for the first time that the trial court erroneously considered the confessions of the co-defendants in finding the appellant guilty. Apart from the fact that the point was not raised in the brief, it is without merit. The trial court was entitled to consider the testimony of Officer Lewis that the jacket was identified as belonging to Hunt, which came in without objection. Cf. *Snyder v. State,* 235 Md. 547, 550. The fact that Hunt made the same admission is not controlling.

*Judgment affirmed.*