## WILLIAM FRANCIS REAGAN AND WILLIAM FREDERICK EDWARDS *v.* STATE OF MARYLAND

[No. 200, September Term, 1968.]

478

*Decided April 2, 1969.*

*Thomas V. Miller* for appellant Edwards, and *Arthur M. Ahalt* for appellant Reagan.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Vincent J. Femia, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

William Francis Reagan and William Frederick Edwards, the appellants, were convicted of breaking into a dwelling house in the daytime with intent to steal, by the Circuit Court for Prince George's County, Judge William B. Bowie presiding with a jury. Reagan was sentenced to a term of ten years; Edwards to a term of four years. They now contend that it was error for the trial court to permit the State to amend the indictment and that the evidence was insufficient to support the verdict.

In the early afternoon of February 6, 1968, Eugene Catalano returned to his apartment in Greenbelt, Maryland, Prince George's County, accompanied by two friends. He left his friends in the front of the apartment house and went to his apartment intending to obtain his pet dog and return to his friends. Catalano unlocked his apartment and entered.

Upon entering, Catalano was confronted by a stranger who said that he was working in the apartment. Catalano went into the kitchen, took out a butcher knife and rolling pin and returned to the dining room where he saw the two appellants and a third man. The three men then walked out the front door. Catalano then ran to his balcony window, opened it and hollered downstairs to the three men saying "You guys wait a minute. I want to talk to you. Who do you work for." The three men did not turn around but kept on walking down the sidewalk. Catalano rejoined his two companions in the car and gave chase. They apprehended the three men with the help of a police officer. There was nothing taken from the apartment.

Appellants first contend that it was error for the trial court to allow an amendment to the indictment. The indictment was based on Md. Code Art. 27 § 30 (b) but the words "in the daytime" were omitted, and were supplied by the amendment. The first subsection of Section 30 pertains to breaking and entering at night, and the second subsection pertains to breaking in the daytime. In *Reagan v. State,* 4 Md. App. 590, 244 A. 2d 623 the Court held that the words "in the daytime" in subsection (b) of Section 30 are not matters of substance and therefore the indictment can be amended. See Maryland Rule 714.

Reagan and Edwards next contend that the evidence was insufficient to support the verdicts. The main thrust of their contention is that there was no proof of the breaking. Although there was evidence that the front door and one balcony window were closed and locked there was no testimony that the apartment had been "secured" or that other doors and windows, if any, had been locked or even closed when the victim had left his apartment. Neither was there any evidence of physical tampering with any part of the building. The Court of Appeals and this Court have sustained convictions for "breaking" where there has been evidence of physical tampering, *e.g. Wallace v. State,* 231 Md. 517, 191 A. 2d 221, *Snyder v. State,* 235 Md. 547, 201 A. 2d 785, *Hawkins v. State,* 229 Md. 442, 184 A. 2d 626, *Couser v. State,* 4 Md. App. 543, 243 A. 2d 639, or where there has been testimony indicating that all doors and windows had been closed at the time the last occupant left the building, *e.g. Dorsey v. State,* 231 Md. 278, 189 A. 2d 623, *Bever v.*

*State*, 4 Md. App. 436, 243 A. 2d 634, *Hannah v. State*, 3 Md. App. 325, 239 A. 2d 124, and *Baker v. State*, 3 Md. App. 251, 238 A. 2d 561. We have been unable to find any case where these Courts have sustained a conviction where there was no evidence of physical tampering or no evidence indicating that the premises had been secured when the last lawful occupant left the premises.

In any event, we hold that where there is no evidence of tampering or no evidence showing directly or indirectly that the property was secured the evidence is not sufficient to show a breaking. We have consistently so held, see *Reagan v. State*, 2 Md. App. 262, 234 A. 2d 278, *Jones v. State*, 2 Md. App. 356, 234 A. 2d 625, and *Musgrove v. State*, 3 Md. App. 54, 237 A. 2d 804.

> *Judgments reversed and case remanded for a new trial. Costs to be paid by County Commissioners of Prince George's County.*