STATE OF MISSOURI, Respondent, v. JEREMIAH MAHER,
Appellant.

**St. Louis Court of Appeals, December 13, 1898.**

1. **Abandonment of Wife.** To make out the offense of wife aban-
donment it devolved on the state to prove: *First.* That the marital
relations existed between the defendant and the prosecuting witness.
*Second.* That without good cause the defendant abandoned his wife
and, *third,* that he neglected or refused to maintain and provide for
her.

2. ————. In the case at bar the offer of defendant to pay his wife $10
per month for her support, taking into consideration his earnings, and
the fact that he was obliged to support his father or let him and his
family suffer for the necessaries of life, was a reasonable allowance
to his wife and disproves the allegation in the information that he
neglected and refused to maintain and support her.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

REVERSED AND DEFENDANT DISCHARGED.

THOMAS B. HARVEY for appellant.

The evidence is insufficient. It devolved upon the
state to prove beyond a reasonable doubt that the al-
leged abandonment was without good cause and with
a criminal intent, and that the defendant also with a
criminal intent failed to provide for his wife. State v.
Doyle, 68 Mo. App. 219; State v. Fuchs, 17 Mo. App.
458; State v. Greenup, 30 Mo. App. 299. In this
case, as was said in State v. Linck, *supra,* bottom of
page 163, "It wholly failed to prove an abandonment
with no intention to resume cohabitation or a failure
to provide for the wife and family to the extent of the

income of the husband.  *  *  *  It is not shown that he had any income left after paying his living expenses and debt to the building association. The state must prove beyond a reasonable doubt, not only that defendant abandoned his wife without any intention of resuming their relations, but also that he failed and refused to support her to a reasonable degree commensurate with his income.  *  *  *  The information alleges "affiant" to be the wife of appellant. There was no affiant when the information was prepared, and prior to it being sworn to before the clerk of the court. The form used was evidently an old one and adapted to the practice that formerly prevailed in said court when the information was not signed by the prosecuting officer, but consisted only of the affidavit of the complainant. The allegation of the information is for this reason indefinite and inconsistent. The information is void and conferred no jurisdiction on the court, because the jurat was not attested by the seal of the court. State v. Bragg, 63 Mo. App. 26. In the case of State v. Pfenninger, decided by this court on the first day of November, 1898, it was held that the seal was not necessary in that case, but solely because the court's attention had been directed to the information by a motion to quash; and therefore it would be presumed that the court examined the signature attached to the jurat and was satisfied that it was the genuine signature of the clerk. In the case at bar the court's attention was not thus called to the information by a motion to quash or a demurrer.

No brief filed for respondent.

BLAND, P. J.—Defendant was convicted of wife abandonment by the criminal court of correction of the city of St. Louis, and his punishment assessed by

a fine of $250. From the judgment of conviction he duly appealed.

We make the following excerpt of the evidence from appellant's brief: "The information charges appellant with having abandoned his wife, Nellie Maher, on October 30, 1897. Undue intimacy had existed between them, and a forced marriage occurred October 29th, and they repaired to the home of her parents, where he left her on the following day, and she continued to reside there, supported by her parents, as was the case before her marriage. Appellant offered to pay her $10 in November, 1897, and a like amount each month thereafter toward her support. She declined to receive it on the sole ground that it was not enough. His only means was a $60 salary as a police special, out of which she admitted he paid $30 per month for the support of an aged and infirm father and family. She also testified that appellant seduced her the preceding spring, and a venereal disease resulted. There was considerable testimony showing that she was fond of the street at late hours and of rides to the parks with men, and the testimony of one witness directly that he, too, had seduced her." This, with the additional statement that Gonzaulus, the witness who testified to the "second seduction" of Mrs. Maher stated that his sin with her was committed on the first day of August, 1896, and that on the same day he made affidavit to his wrongdoing and handed it to the defendant, gives a fair statement of the evidence as contained in the bill of exceptions. To make out the offense charged, it devolved on the state to prove the following facts: *First.* That the marital relations existed between the defendant and the prosecuting witness. *Second.* That without good cause the defendant abandoned his wife, and, *Third,* that he neglected or refused to maintain and provide for her.

R. S. 1889, sec. 3501. And to authorize a conviction all of these facts should be proven beyond a reasonable doubt, and that the abandonment was with a criminal intent. State v. Doyle, 68 Mo. App. 219, and cases cited. The marriage of defendant to the prosecuting witness is conceded. The fact that he abandoned her is also conceded, but the contention is that the abandonment was for good cause. We are unable to find any evidence to support this contention. If the evidence of the witness Gonzaulus is to be believed, it affords no excuse to the defendant for abandoning his wife. The illicit intercourse between Gonzaulus and the prosecuting witness was long prior to the marriage, and the defendant was informed of it by the affidavit of Gonzaulus on the day of its occurrence. So defendant married his wife with knowledge of this sin, and should not afterwards be heard to charge it against her. He took her for better or for worse and condoned all known offense by marrying her. We think the evidence warrants the inference of a criminal intent. This may be inferred when the evidence is such as to show that the abandonment was without good cause, and with the intent not to return and resume the marital relation with his wife. In fact, the evidence tends to establish the fact that defendant had a criminal intent to abandon his wife at the very hour of his marriage to her. It is further contended that admitting that the first and second essential facts to authorize a conviction are proven, the evidence fails to prove the third essential fact, i. e., that defendant neglected and refused to maintain and support his wife; that taking into consideration his income, his offer to give his wife $10 per month for her support was reasonable, and disproved the allegation of refusal to support. Where there is some offer or effort to support, the income or

CRIMINAL intent.

financial ability of the defendant becomes a proper subject of inquiry, for the purpose of ascertaining whether the offer is reasonable and made in good faith, or whether it is unreasonable and made for the purpose of avoiding a criminal prosecution for the abandonment. The defendant in this case earned $60 per month as a patrolman on the police force. The prosecuting witness admitted that he paid $30 per month for the support of his aged and indigent father and family, and that he offered to pay her $10 per month for her support, which she refused because it was not enough, and that she demanded more. We think his offer of the $10 per month, taking into consideration his earnings and the fact that he was obliged to support his father or let him and his family suffer for the necessaries of life, was a reasonable allowance to his wife, and hence disproves the allegation in the information, that he neglected and refused to maintain and support her. For the reason that the evidence failed to make out all ingredients necessary to constitute the offense charged, the judgment is reversed and the defendant discharged. All concur.