# HILL v. STATE

[No. 296, September Term, 1962.]

*Decided May 14, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, HORNEY and MARBURY, JJ.

*Paul J. Feeley,* for appellant.

*Robert C. Murphy, Deputy Attorney General,* with whom were *Thomas B. Finan, Attorney General, Peter J. Carpenti, Special Attorney,* and *Frank H. Newell, III, State's Attorney for Baltimore County,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

After being tried in the Circuit Court for Baltimore County, sitting without a jury, the appellant was convicted under a one count criminal information charging conspiracy to obtain money under false pretenses from Joseph Snyder and sentenced to eighteen months in the penitentiary. He was also convicted under the second and third counts of a three count indictment charging respectively, forgery, uttering and obtaining money by false pretenses from Josh Horner, upon which he was sentenced to five years in the penitentiary, the two sentences to run consecutively. From the two judgments and sentences he has brought this appeal.

With reference to the uttering and false pretenses counts of the indictment, the evidence produced by the State (the appellant did not testify nor produce any witnesses in his behalf) shows that on June 7, 1962, four men, including the appellant, entered the Sherwood Hill Liquor Store in Cockeysville, Baltimore County, and each purchased a bottle of liquor, paying for the liquor out of the proceeds of checks of the B & D Contractors, Inc., Baltimore, Maryland, which each in turn represented to Mr. Horner, in charge of the store, was a payroll check of B & D Contractors, Inc., drawn on the Equitable Trust Company, Baltimore, Maryland. The check involving the appellant was payable to Albert Vessels, in the amount of $93.21, and was endorsed in Horner's presence, in the name of the payee, by Hill after exhibiting a driver's license in the name of Vessels as identification. All four checks were deposited but were returned by the bank unpaid because they were forgeries.

As to the conspiracy charge, the evidence showed that three men, one of whom was identified as the appellant, entered the Midway Inn, in Bradshaw, Baltimore County, on June 15, 1962, and attempted to cash some checks of the B & D Contractors, Inc., which had been stolen from a printer approximately two years previously. Mr. Snyder, the manager, who had been forewarned by the police of the spurious B & D checks, declined to cash the checks and as soon as the men left the premises, hailed a trooper and reported the incident. The policeman apprehended the three men and the automobile as described by Snyder. A search of the automobile in which the appellant was riding disclosed no checks, but a subsequent inspection of the area where the automobile had been originally parked when observed by the trooper turned up several checks of the construction firm in addition to wallets and identification cards, which did not correspond to the identities of any of the three suspects.

On this appeal appellant presents three contentions. The first one, with reference to the conspiracy charge, is that the court erred in allowing testimony as to the acts of a co-conspirator made during the progress of the execution of the object of the conspiracy, before the State had offered any evidence

to establish prima facie the fact of a conspiracy between the parties.

In *Seidman v. State,* 230 Md. 305, 322, 187 A. 2d 109, one of the latest cases involving conspiracy, Chief Judge Brune, for this Court, stated: "A conspiracy may be shown by circumstantial evidence from which an inference of a common design may be drawn and it is not necessary to demonstrate that the conspirators met and agreed in terms to a design and to pursue it by common means." The order in which evidence should be produced is a matter largely within the discretion of the court. Although the better view is that a proper foundation should be laid by some evidence to establish a prima facie conspiracy prior to admission of overt acts of a co-conspirator, if the prima facie case is later established, there is no reversible error especially in a nonjury case. *Klecka v. State,* 149 Md. 128, 130-131, 131 Atl. 29; *Garland v. State,* 112 Md. 83, 101, 75 Atl. 631; *Bloomer v. State,* 48 Md. 521. In *Lawrence v. State,* 103 Md. 17, 22, 63 Atl. 96, we said: "Concurrence of action on a material point is sufficient to enable a jury to presume concurrence of sentiment, and from this the actual fact of conspiracy may be inferred." In the case now before us, applying the above principles of law, we find the following overt acts: (a) appellant went into the Midway Inn with the others; (b) appellant was present with the others when the check was proffered to Mr. Snyder for cashing; (c) appellant departed from the tavern with the others; (d) appellant entered the same car with the others; and (e) appellant was apprehended in the same car with the others. All of these overt acts of concurrence of action on material points show guilty knowledge on the part of the appellant, and that they were all acting in concert. Consequently we find no merit in this contention.

Appellant's second contention is that the information in the conspiracy case named Snyder as the subject of the conspiracy to obtain money by false pretenses, and since the conspirators could not have known who would be working in the tavern where they attempted to cash the checks, the information was invalid. We find no merit in this contention. It was clearly inferable that the three men schemed to obtain money from whomever they encountered in the tavern. It may well be that the

462

State was obliged to disclose the name of the person, encountered, when known. *Archer v. State,* 145 Md. 128, 144, 125 Atl. 744. In any event, the fact that the name was disclosed would not invalidate the information.

As to appellant's third contention, that evidence of the identification of appellant in the uttering and false pretenses case was not sufficient to sustain a conviction, we need only state that the matter of credibility of witnesses is primarily one for the trier of facts to determine. Rule 886 a. *Williams v. State,* 223 Md. 339, 164 A. 2d 467.

Finding no reversible error, we must affirm the court below.

*Judgments affirmed.*