## GLEATON *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 89, September Term, 1964.]

*Decided March 12, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

PRESCOTT, C. J., delivered the opinion of the Court.

In the instant case, Judge Rasin afforded the applicant a full evidentiary hearing on all federal and state constitutional questions raised by him, upon which he had not previously had a full evidentiary hearing and a final determination as to his constitutional rights, (and, perhaps, more: see *Gleaton v. State,* 235 Md. 271). The judge, thereafter, filed a comprehensive opinion setting forth his findings of fact. He then applied the facts as he found them to the law appertaining thereto, which disclosed that, applying the tests and standards as laid down by the Supreme Court, applicant had been denied no state or federal constitutional rights.

This, we think, is the course prescribed by the Supreme Court

in its recent decisions, relative to federal constitutional rights. *Fay v. Noia,* 372 U. S. 391; *Townsend v. Sain,* 372 U. S. 293; *Sanders v. United States,* 373 U. S. 1; *Henry v. Mississippi,* 379 U. S. 443. See also, Meader, "Accommodating State Criminal Procedure and Federal Post Conviction Review," 50 A.B.-A.J. No. 10.[1] (There is no question involved in this application relating to an effectual waiver, or forfeiture, of any constitutional rights. *Henry v. Mississippi, supra.*)

Therefore, we shall deny the application for the reasons set forth in the opinion of Judge Rasin, except in the last sentence dealing with Question 7. We think his conclusion with reference to Question 7, as it applied to this application, was clearly correct; however, the last sentence encompasses a broader scope as to the use of an inadmissible confession (in the trial) at a sentencing hearing than is necessary to decide in this application. The judge had already, correctly, upheld the confession as being freely and voluntarily given.

*Application denied.*

---

1. It does seem a wasteful extravagance to require a State, after it has prescribed reasonable procedural rules and provided the personnel for conducting a full and fair criminal prosecution, including the right of appeal, to continue the expense of further litigation by the metaphysical quibbling as to whether a defendant has "waived" or "forfeited" his right to object to evidence presented at the trial to which there was no objection made in accordance with the requirements of the State rules, even though the defendant was represented by three counsel. Henry v. Mississippi, supra. However, although possibly regrettable, it is not within our prerogative to prevent such expense to the State of Maryland, or any other State; it is not for us "to reason why."