## BRISTOW v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 138, September Term, 1964.]

*Decided June 10, 1965.*

Before Prescott, C. J., and Horney, Marbury, Sybert, Oppenheimer and Barnes, JJ.

Per Curiam.

The applicant's petition for post conviction relief below sets forth six grounds: "(1) That he was denied due process of law because one of the jurors who heard his case was the father of a key witness for the prosecution, and that the relationship was known to the State's Attorney, the Sheriff, and the Clerk of the Court before the jury was sworn; (2) Illegal arrest, without a warrant; (3) Illegal search and seizure, without warrant or probable cause; (4) Conviction obtained by the use of inadmissible evidence; (5) Inadequate trial attorney, failed to object to inadmissible evidence, and informed petitioner he could not appeal the conviction as he lacked grounds for appeal, and (6) The trial court failed to provide petitioner with the equal protection of the law; failure to inform the petitioner of the witnesses against him or to name the witnesses on the face of the indictment, or to provide him with a copy of the indictment until a few minutes before trial; failed to provide a fair and impartial jury; failure to inquire into the legality of his arrest or the evidence used against him; failed to inform him of his right to appeal, and recited a false account of the petitioner's criminal record." Judge Rasin, sitting in the Circuit Court for Cecil County, in his memorandum opinion filed January 29, 1965, considered each of these contentions and denied relief as to each, setting forth reasons as to each adverse ruling. Five of the six contentions urged below have been abandoned in this application and the applicant only presses his first contention which he considers to have been erroneously decided against him.

The applicant's contention is that the protections afforded under the Due Process provisions of the Fourteenth Amendment of the United States Constitution have been violated because, at the applicant's criminal trial on December 14, 1961, a witness for the State, who gave testimony damaging to the applicant's case, was known by the State to be the son of one of the jurors. No objection was entered by the applicant at any

time during the trial. The applicant's counsel only knew of the relationship when the witness was called upon to testify.

We grant leave to appeal, limited to the above question.

> *Application Granted. The records of the Circuit Court for Cecil County in Criminal Trial No. 713 and Law No. 5555 are to be incorporated into the record on appeal. The applicant's motion to proceed as an indigent and for the appointment of counsel is granted.*