## KOLPER *v.* STATE

[No. 407, September Term, 1964.]

*Decided October 12, 1965.*

*Motion for rehearing filed November 5, 1965, opinion withdrawn and case remanded for further proceedings January 4, 1966.*

The cause was submitted on the brief to PRESCOTT, C. J., and HAMMOND, MARBURY, OPPENHEIMER and BARNES, JJ.

Submitted by *Francis J. Meagher* for appellant.

Submitted by *Thomas B. Finan, Attorney General, Donald H. Noren, Special Attorney, Charles E. Moylan, Jr.* and *John Hackett, State's Attorney* and *Assistant State's Attorney*, respectively, *for Baltimore City*, for appellee.

BARNES, J., delivered the opinion of the Court.

Gordon Louis Dorer, the proprietor and operator of the Angle Inn located at 5805 O'Donnell Street, Baltimore, securely locked the premises at approximately 1:30 A.M. on the morning of August 10, 1964. Upon being summoned by the police, he returned to the premises at approximately 5:00 A.M. that same morning. Upon his arrival, he found that the window in the front door had been broken, the door opened and the cigarette machine lying on the sidewalk in front of the Inn. He also discovered that the slot machine and pinball machine had been broken into, some drawers behind the bar had been rifled, a box in which he deposited sales tax money was missing, certain loose packs of cigarettes and certain six-packs of beer were missing.

Leroy Sevison, a used car dealer, whose home is located on O'Donnell Street near the Angle Inn (his home and the Angle Inn are separated by a street) had been awakened at approximately 4:00 P.M. on the morning of August 10 by the barking of his dog. He heard a door slam, went to a window in the front of his home and observed a 1954 Chevrolet two-door, two-tone green sedan moving very slowly along the side of his home. He noticed that the automobile was one in which the valves were loud and which, as he testified, had "a noise all its own". He also observed that it had a white temporary Maryland license tag but he could not see the tag number. He saw the car door open and a person went from the car to the door of the Inn. Shortly thereafter the door of the Inn flew open and

two men carried a machine out the door, dragged the machine to the automobile, where the trunk lid was raised to receive the machine. The two men were frightened by a Standard Oil Tanker which then appeared, dropped the machine on the sidewalk and drove away in the Chevrolet automobile with its lights turned off. Mr. Sevison observed that the machine left on the pavement was a cigarette machine. The area in front of the Inn was clearly illuminated by a street light so that Mr. Sevison could see clearly all of the action which took place. He then called the police who arrived within a few minutes. He gave the facts to them and gave them a description of the automobile. The police began to search the Inn, Mr. Sevison remaining on the outside. He heard an automobile coming up the street making the same noise he had previously heard emanating from the 1954 Chevrolet car and called to the police "the car that was here is coming up the street now". The police pursued the automobile in the police radio car, stopped the vehicle and apprehended the appellant, Charles J. Kolper, Jr., and Walter I. Krause who were in the automobile.

Among the items found inside the automobile were two six-packs of beer, a crowbar, a flashlight, six packs of cigarettes and two telephone books. The back cover of one of these telephone books was missing. This missing back cover, which had been used to cover the broken window in the door of the Inn was matched with the telephone book on which the back cover was missing. The brand names and quantities of beer and cigarettes found in the automobile corresponded to the description given by Mr. Dorer. The automobile was a 1954 Chevrolet two-door, two-tone green sedan and had a white Maryland temporary tag.

When the appellant was searched later at the Southeastern Police Station, the police found $7.80 in nickels and $9.75 in quarters in his possession.

The cigarette machine was valued at between $1200 and $1500.

The appellant and Krause were tried together before Judge Harlan in the Criminal Court of Baltimore without a jury under an indictment charging them in the first count with storehouse breaking on which count they were found guilty and duly sentenced. At the trial the appellant did not testify and offered

no witnesses to testify in his behalf. Kolper has appealed to this Court and urges upon us three alleged errors, as follows:

1. The appellant's arrest was unlawful.

2. The items of property taken from the automobile were the fruit of an illegal arrest and improperly admitted into evidence against him.

3. The evidence was insufficient to support the finding of guilty of the crime of storebreaking.

We have concluded that the trial court committed no error and the judgment will be affirmed.

## I and II

We are of the opinion that the arrest was lawful in that the police officers had probable cause to believe that a felony had been committed and that the appellant and Krause had committed it.

In *Graham v. State*, 239 Md. 521, 212 A. 2d 287 (1965) we quoted with approval and applied the definition of probable cause set forth in *Mulcahy v. State*, 221 Md. 413, 422, 158 A. 2d 80 (1960) where it was stated that probable cause exists "where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." This is the situation in the case at bar. The arresting officers seeing that the Inn had been broken into and a machine valued at between $1200 and $1500 as well as other property removed from it, could reasonably believe that a felonious larceny had occurred. Indeed one of the counts in the indictment in this case was a charge of felonious larceny. Although the appellant was found not guilty on this count, it is well established that it is not necessary that a defendant be convicted of a felony to have the existence of probable cause to arrest. It is sufficient if the police had reasonable grounds to believe that the defendant was or had been engaged in a felonious act. *Synder v. State*, 235 Md. 547, 201 A. 2d 785 (1964). *Freedman v. State*, 195 Md. 275, 73 A. 2d 476 (1950). The police had reliable information given them by an eye witness. to the breaking and entry into the Inn and a specific identification of the automobile used both

by sight and by the sound of the valves in the particular car. Mr. Sevison, as a used car dealer who himself had worked on automobile engines for years, was well qualified to identify the automobile by the sound of its motor and it was reasonable for the police to rely on this information as well as the information in regard to the year, model and color of the car and the temporary license tag.

The arrest being lawful, the goods seized as an incident to the arrest were properly admitted into evidence against the appellant. *Swartz v. State,* 237 Md. 263, 205 A. 2d 803 (1965); *Mulcahy v. State, supra.*

We have held that when the arrest was lawful at the time it was made, the evidence seized as an incident to that arrest may be admitted against a defendant even if tried solely for a misdemeanor and the provisions of Code, Article 36, Section 5 do not prohibit the admission of such evidence. *Freedman v. State, supra.*

## III.

The testimony of the witnesses for the State was sufficient to sustain the conviction for storehouse breaking. Its credibility was for the trial court and we will not disturb the trial court's judgment based on the evidence unless clearly erroneous. Maryland Rule 886a. *Hill v. State,* 231 Md. 458, 190 A. 2d 795 (1963) cert. den. 375 U. S. 861, 84 S. Ct. 127, 11 L. Ed. 2d 88 (1963).

There is no evidence to refute their testimony. It is clear that the trial court's acceptance of this testimony was not clearly erroneous. Cf. *Dorsey v. State,* 231 Md. 278, 189 A. 2d 623 (1963).

*Judgment affirmed.*