## BRISTOW *v.* STATE

[No. 160, September Term, 1965.]

284

*Decided April 26, 1966.*

The cause was argued before Prescott, C. J., and Horney, Marbury, Oppenheimer and Barnes, JJ.

*Leonard E. Wilson* for appellant.

*Alan M. Wilner, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Walter M. Baker* and *Harry J. Goodrick, State's Attorney* and *Assistant State's Attorney,* respectively, *for Cecil County,* on the brief, for appellee.

Barnes, J., delivered the opinion of the Court.

John Nathan Bristow, Jr., the appellant, was convicted upon a jury verdict in the Circuit Court for Cecil County of larceny and the breaking and entering of a restaurant on the night of September 22, 1961. No appeal was taken from the conviction; however, in 1962 Bristow sought habeas corpus relief before Judge Edward D. E. Rollins. His petition was denied. Subsequently, the appellant filed a proceeding in the United States District Court for the District of Maryland, claiming that his constitutional rights had been violated by reason of

certain discrepancies in his trial. When that case was dismissed he took an appeal to the United States Court of Appeals, Fourth Circuit, along with two other appellants. The federal Court of Appeals refused to decide the issues submitted to it on the basis that Bristow had not exhausted his State remedies. *Hunt v. Warden, Maryland Penitentiary,* 335 F. 2d 936 (4th Cir. 1964).

Bristow then sought relief under the Maryland Post Conviction Procedure Act. Md. Code (1965 Cum. Supp.) Art. 27, § 645A. After a hearing at which the appellant was represented by court appointed counsel, post conviction relief was denied in a memorandum and order signed by Judge George B. Rasin. Bristow filed an application for leave to appeal to this Court. We granted leave to appeal limited to the following issue:

> "The applicant's contention is that the protections afforded under the due process provisions of the Fourteenth Amendment of the Constitution of the United States have been violated because, at the applicant's criminal trial on December 14, 1961, a witness for the State, who gave testimony damaging to the applicant's case, was known by the State to be the son of one of the jurors. No objection was entered by the applicant at any time during the trial. The applicant's counsel only knew of the relationship when the witness was called upon to testify." (*Bristow v. Warden,* 238 Md. 654, 655-656, 210 A. 2d 726, 727 (1965)).

We indicated in *Goldstein v. State,* 220 Md. 39, 45, 150 A. 2d 900, 904 (1958) that the mere relationship of a juror to one of the witnesses in a criminal trial, other than one of the parties in the case or one having a strong personal interest in its outcome, such as the person instigating the prosecution, is not of itself ground for that juror's disqualification. See also *United States ex. rel. Luzzi v. Banmiller,* 248 F. 2d 303 (3rd Cir. 1957); *Jones v. State,* 230 Ark. 18, 320 S. W. 2d 645 (1959); *State v. Wideman,* 218 La. 860, 51 So. 2d 96 (1951); *Owens v. State,* 177 Miss. 488, 171 So. 345 (1936); Anno-

tation, *Relationship to prosecutor or witness for prosecution as disqualifying juror in criminal case,* 18 A.L.R. 375.

Although the relationship of a juror to one of the witnesses may present an opportunity for prejudice, bias will not be presumed and the defendant is not relieved of the burden of presenting facts in addition to mere relationship which would give rise to a showing of actual prejudice. In *Darcy v. Handy,* 351 U. S. 454, 462, 76 S. Ct. 965, 100 L. Ed. 1331 (1956) Mr. Justice Burton, speaking for the United States Supreme Court, said:

> "While this Court stands ready to correct violations of constitutional rights, it also holds that 'it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality.' *Adams v. United States ex. rel. McCann,* 317 U. S. 269, 281. See also *Buchalter v. New York,* 319 U. S. 427, 431; *Stroble v. California,* 343 U. S. 181, 198."

See also *Beck v. Washington,* 369 U. S. 541, 82 S. Ct. 955, 8 L.Ed. 2d 98 (1962); *Irvin v. Dowd,* 366 U. S. 717, 81 S. Ct. 1639, 6 L.Ed. 2d 751 (1961).

Bristow contends that he has met his burden of presenting evidence of the juror's actual bias in this case. Mr. Robert H. Baker, Jr., the son of the juror Robert H. Baker, Sr., testified at the appellant's criminal trial that he observed the defendant's car under suspicious circumstances at the scene of the crime and that he followed that car from the restaurant where the breaking and entering took place to a point very near Bristow's home.

It was established at the appellant's post conviction hearing that Baker Jr. had told his father before the trial of the facts to which he later testified. Baker Sr. did not realize that he had discussed the case with his son until after he had been sworn as a juror and Baker Jr. was called as a witness. Although the juror claims that he had formed no opinion as to the guilt or innocence of the accused prior to the trial, Baker Sr.

admitted that he possessed a close relationship with the witness and that he "would believe anything [his] son told him." It would appear to follow then that Baker Sr. had formed a preconceived opinion, which would be difficult to be changed, as to the truth of the testimony of his son.

The testimony of Baker Jr., although damaging to the defendant's case, was merely cumulative and was, in fact, uncontradicted. The appellant claims, however, that under the circumstances he has been deprived of the right to have all the members of the jury determine the inherent probability and credibility of the testimony of even an uncontradicted witness. See *United States v. Manuszak*, 234 F. 2d 421 (3rd Cir. 1956) ; *People v. Pratt*, 251 Mich. 243, 231 N. W. 564 (1930) ; *State v. Frederici*, 269 Mo. 689, 192 S. W. 464 (1917) ; *State v. Brown*, 205 S. C. 514, 32 S. E. 2d 825 (1945). Cf. *Hill v. State*, 231 Md. 458, 190 A. 2d 795 (1963).

We need not decide the issue of whether Bristow had been prejudiced by the retention of Baker Sr. as a member of the jury, since any objection which the appellant may have had to that juror's continued presence on the panel was effectively waived.

Mr. Baker, Sr. was examined on his *voir dire* before he was sworn, but no reason for his disqualification was apparent at that time. The juror did not know until after the commencement of the trial that his son was to be a witness for the State. The name of Baker Jr. was not listed as a witness for the State on the indictment; and the appellant's privately employed counsel, Mr. William B. Evans, did not know and reasonably could not have known of the relationship between the juror and Baker Jr. until the witness had actually been called to testify.

A challenge to an individual juror for cause must be made before that juror is sworn or at least before any evidence is received. Maryland Rule 744 d. Where a cause for challenge was not reasonably known to the defendant until after commencement of the trial, as was the situation in this case, it was still not too late to object to a juror's qualifications. As our predecessors stated in *Young v. State*, 90 Md. 579, 585-586, 45 Atl. 531 (1900) :

> "To enable the Court to entertain an objection to the qualifications of a juror, after he has been empanelled

and sworn, and the trial has actually been begun by the production of evidence, it, at least, must be proven that [the] party making the objection at the proper time for tendering challenges, did not actually know, and might not have known, the particular circumstances upon which rests the alleged disqualification."

See also *Larch v. State,* 201 Md. 52, 92 A. 2d 463 (1952); *Alexander v. R. D. Grier & Sons Co.,* 181 Md. 415, 30 A. 2d 757 (1943); *Mitchell v. State,* 178 Md. 579, 588, 16 A. 2d 161 (1940).

The appellant's counsel, Mr. Evans, became aware of the relationship between the juror and Mr. Baker, Jr. as soon as the witness was called to testify. This fact was immediately made known to Bristow; however, neither the appellant nor his counsel objected to the proceedings at that time.

Bristow contends that his counsel led him to believe that it was too late to object to the proceedings after Baker Jr. had been called as a witness. Mr. Evans testified at the post conviction hearing that he failed to object to the qualifications of the juror because he "saw no conflict." Mr. Evans knew Mr. Baker, Sr. to be a respected resident of the community who would, Evans thought, be particularly disposed to decide the case fairly and on the evidence. Although the testimony of Baker Jr. was damaging, it was merely cumulative to a wealth of other State's evidence which was against the defendant. The State's case against Bristow was overwhelming even without the addition of the testimony of Mr. Baker, Jr.

The lower court concluded that Mr. Evans' election to proceed with the trial although a cause for challenge to a juror had been made known to him falls within the category of trial tactics. We accept that determination.

Article 21 of the Maryland Declaration of Rights guarantees an accused the right to a trial by an impartial jury. The definition of what constitutes impartial jurors was set out in the early case of *Garlitz v. State,* 71 Md. 293, 300, 18 Atl. 39, 41 (1889):

"The minds of such men always remain open to the correction of former impressions, and remain entirely impartial, with power to hear and determine upon the

real facts of the case, without the least bias in favor of former impressions, whatever they may have been. And therefore, in our present state of society, all that can be required of a juror is that he should be without bias or prejudice for or against the accused, and that his mind is free to hear and impartially consider the evidence, and render a verdict thereon without regard to any former opinion or expression existing in his mind * * *."

This definition was recently reaffirmed and explained in *Grammer v. State,* 203 Md. 200, 211, 100 A. 2d 257, 261 (1953). Although the federal constitution does not demand the use of jury trials in state criminal proceedings, where a jury is provided, federal due process requires that it be fair and impartial. *Beck v. Washington; Irvin v. Dowd; Darcy v. Handy,* all *supra.*

Assuming that Mr. Baker, Sr. was not biased in favor of or against the guilt of the defendant in this case, we do not decide whether, under the circumstances, the appellant was prejudiced because one of the jurors was precluded from being able to weigh the credibility of cumulative damaging, though uncontradicted, testimony. Nor do we decide the federal question of whether any prejudice which Bristow may have suffered amounted to a denial of the Fourteenth Amendment guarantee of due process.

"We have consistently held that a defendant in a criminal proceeding may waive even a constitutional provision which applies in his favor." *Smith v. State,* 240 Md. 464, 480, 214 A. 2d 563, 572 (1965). We realize that the effective waiver of a federal right under the federal constitution is a federal question which may independently and ultimately be determined in a federal forum. *Fay v. Noia,* 372 U. S. 391, 439, 83 S. Ct. 822, 9 L.Ed. 2d 837 (1963). We indicated, however, in *Gleaton v. Warden,* 238 Md. 135, 207 A. 2d 652 (1965) that the Supreme Court's waiver doctrine might be applied in State court proceedings, presumably as a matter of expediency. Maryland's Post Conviction Procedure Act, moreover, was recently amended to adopt the definition of waiver espoused in *Fay v. Noia, supra.* Acts of 1965, Ch. 442, § 1.

Although a strategic decision made by counsel in which a defendant did not participate, to waive a federal constitutional right, will not automatically bar that defendant from habeas corpus relief in a federal forum (*Fay v. Noia, supra*), there are situations in which a defendant may be bound by the reasoned tactical actions of his counsel taken without that defendant's express consent and participation. See *Henry v. Mississippi,* 379 U. S. 443, 85 S. Ct. 564, 13 L.Ed.2d 408 (1965).

In any event, Bristow was fully informed of the cause for disqualification of the juror in this case. At the trial the appellant acquiesced in his counsel's decision to forego an objection in this matter. This knowledgeable acquiescence amounted to " 'an intentional relinquishment or abandonment of a known right or privilege' (the classic definition of waiver enunciated in *Johnson v. Zerbst,* 304 U. S. 458, 464, 82 L.Ed. 1461, and said in *Fay v. Noia,* 372 U. S. 391, 438-439, 9 L.Ed.2d 837, to be the 'controlling standard' by which a 'federal habeas judge' may determine in his discretion whether to deny relief to an applicant 'who has deliberately by-passed the orderly procedures of the state court and in so doing has forfeited his state court remedies') * * *." *Bowie v. State,* 234 Md. 585, 592-593, 200 A. 2d 557, 561 (1964).

*Order affirmed, costs to be paid by Cecil County.*